## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **RONALD LELEAUX, JR.**<br>    OCC # 1202531<br>**VS.** | **CIVIL ACTION NO. 09-0509**<br><br>**SECTION P**<br><br>**JUDGE JAMES** |
| **JOHN R. HARRISON** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Ronald Leleaux, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint on March 31, 2009. Plaintiff is a prisoner in the Ouachita Corrections Center (OCC), Monroe, Louisiana. He sues Judge John R. Harrison, a Judge of Louisiana's Fourth Judicial District Court claiming that Judge Harrison has violated plaintiff's Constitutional Rights by entering various orders and rulings in a civil suit plaintiff filed against the Ouachita Parish Sheriff's Office. Plaintiff seeks an order directing the Louisiana court to allow him to proceed *in forma pauperis*. He also prays for compensatory and punitive damages. It further appears that plaintiff has requested appointment of counsel.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

---

[1] See rec. doc. 4, p. 2, "I need an attorney..."

*Background*

In February or March or May of 2008[2], plaintiff, while a prisoner,[3] filed a civil action complaint in Louisiana's Fourth Judicial District Court under Docket Number C-2008-0282. Plaintiff sued the Ouachita Parish Sheriff's Department, the District Attorney, and a Judge or Judges of the Fourth Judicial District Court. Plaintiff submitted a motion to proceed *in forma pauperis* and on May 28, 2008, his motion was granted by Judge Manning.

Approximately five months later, plaintiff attempted to enter a default judgment against some of the defendants. The case was assigned to Judge Harrison, a retired judge who was appointed to serve as an *ad hoc* judge in the Fourth Judicial District Court. On March 4, 2009, Judge Harrison "blocked" plaintiff's civil suit when he ruled that plaintiff could not proceed *in forma pauperis* until the full amount of court costs were paid. Plaintiff attempted to obtain review of Judge Harrison's order in Louisiana's Second Circuit Court of Appeals, but, according to plaintiff, Staff Director William Lowe "blocked" and "returned" plaintiff's filings. It does not appear that plaintiff sought the supervisory jurisdiction of the Louisiana Supreme Court.

Plaintiff filed the instant complaint on March 31, 2009. He prayed for primarily for monetary damages as follows: "... compensatory damages, monetary damages ... punitive damages ...$130,000 penalty for judicial misconduct and obstruction of justice, malfeasance in

---

[2] Plaintiff claimed that the filed the state law suit on May 28, 2008 [see rec. doc. 1, ¶ I(B)(4); ¶III]; elsewhere he claimed that the "...started a civil complaint in 2007/2008..." and still again he referred to "... my civil suit I filed in Feb/Mar 08..." [rec. doc. 4, p. 1]

[3] On May 25, 2006 plaintiff was convicted of being a felon in possession of a firearm in the United States District Court for the Middle District of Louisiana; thereafter he was sentenced to serve 41 months imprisonment. See *United States v. Leleaux*, No. 3:05-cr-00195. Plaintiff was released from BOP custody on August 8, 2008. See Federal Bureau of Prisons, on line Inmate Locator, at http://www.bop.gov/iloc2/LocateInmate.jsp After his release plaintiff was rearrested and his case was transferred to this court. *See United States v. Leleaux*, No. 3:08-cr-00315.

2

office ... $130,000 injuries to plaintiff herein..." Otherwise he prayed for an order directing the State Court to permit him to proceed *in forma pauperis*. [rec. doc. 1, ¶IV]

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint pursuant to §1915(e)(2)(B) based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides the specifics of his theory of liability with respect to the defendant. Further amendment would serve no legitimate purpose. Plaintiff's complaint may be resolved on initial review.

## 2. *Judicial Immunity*

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); see also *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18

L.Ed.2d 288 (1967).  Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting <u>maliciously and corruptly</u>." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991).

In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id.* In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function

normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Here plaintiff claims that Judge Harrison "... acted out of complete subject matter jurisdiction maliciously and corruptly and fraudulently when he sent me an order to pay money to proceed with my civil suit..." [rec. doc. 1, ¶ III] However, it is clear from a careful reading of the complaint that plaintiff faults Judge Harrison for actions of a purely judicial nature. Plaintiff has elsewhere acknowledged that his civil action was assigned to Judge Harrison. Further, it is clear, as is shown above, that plaintiff was a prisoner when he filed his civil action in the Fourth Judicial District Court.[4] It thus appears that Judge Harrison was merely enforcing the provisions of La. R.S.15:1186(B)(2)(a) which provides

> (2)(a) The order granting a prisoner's request to proceed *in forma pauperis* automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.

Notwithstanding plaintiff's allegations to the contrary, it clearly appears that Judge Harrison's actions were judicial in nature. Judge Harrison issued an order with regard to plaintiff's *in forma pauperis* status and that act was a normal judicial function entered in a case pending before his court. Compare *Malina*, 994 F.2d at 1124 (citation omitted). Therefore, with

---

[4] La. R.S. 15:1181(6) defines "Prisoner" as "... any person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program. Status as a 'prisoner' is determined as of the time the cause of action arises. Subsequent events, including post trial judicial action or release from custody, shall not affect such status."

regard to plaintiff's claims for monetary relief, his complaint must be dismissed with prejudice.

*3. Injunctive Relief*

In addition to monetary damages, plaintiff seeks injunctive relief in the form of an order lifting the stay and directing the Fourth Judicial District Court to allow plaintiff's civil complaint to proceed . Federal courts lack jurisdiction to issue orders to a state court to act upon a case pending before it. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir.1973) (a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties) citing *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir.1971) and *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir.1970).

Further, plaintiff's state court action remains pending; federal courts should not interfere in ongoing state court proceedings except in very extraordinary situations, not established in this case based upon principles of federalism and comity. See *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) ; See also *Samuels v. Mackell*, 401 U.S. 37, 54, 91 S.Ct. 764, 768 (1971) (applying *Younger* to claims for declaratory relief). The *Younger* abstention doctrine "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993).

In short, plaintiff is also not entitled to injunctive relief and his complaint should be dismissed for failing to state a claim for which relief may be granted.

*4. Appointment of Counsel.*

As noted above, plaintiff requested counsel. [rec. doc. 4, p. 2] Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See

*Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed to file his original complaint setting forth his cause of action against the named defendant. No special legal knowledge is required of plaintiff herein. Additionally, plaintiff has first hand knowledge of the facts which form the basis of this action. Finally, plaintiff has failed to demonstrate that he has attempted to procure counsel on his behalf.

Accordingly, plaintiff's request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. Moreover, plaintiff's request should be denied because plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

## 5. Conclusion, Order, and Recommendation

Therefore, considering the foregoing,

**IT IS ORDERED** that plaintiff's request for appointment of counsel [rec. doc. 4, p. 2] be **DENIED;** and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint seeking monetary damages be **DISMISSED WITH PREJUDICE** pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(iii) because plaintiff is seeking monetary damages from a defendant who is immune from such relief;

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint seeking

9

injunctive relief be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 12, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE